UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PATRICK NEWELL,

    Petitioner,

v.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:16-cv-00662-MMD-WGC

ORDER

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nevada state prisoner Patrick Newell is before the Court on Respondents' motion to dismiss (ECF No. 18). Newell opposed (ECF No. 29), and Respondents filed a notice of no reply (ECF No. 31).

**I.    PROCEDURAL HISTORY AND BACKGROUND**

On June 19, 2014, a jury convicted Newell of battery with use of a deadly weapon resulting in substantial bodily harm (Count 2); attempted assault with a deadly weapon (Count 3); and performance of an act in reckless disregard of persons or property resulting in substantial bodily harm (Count 4) (Exhibit 15).[1] The jury found Newell not guilty of attempted murder with a deadly weapon. *Id.* The convictions stemmed from an incident where a large, drunk, belligerent 35-year-old man was harassing 65-year-old Newell for a ride at a gas station. (*See e.g.*, Exh. 13 at 10-16.) The situation devolved into an altercation, and Newell doused the victim with gasoline and lit him on fire, causing severe

---

[1]Exhibits referenced in this order are exhibits attached to Respondents' motion to dismiss, ECF No. 18, and are found at ECF Nos. 19-23.

| | |
|---|---|
|1| injuries. The state district court sentenced Newell as follows: 72 to 180 months for Count |
|2| 2 and 24 to 60 months for Count 3 with both sentences to run concurrently. (Exh. 20.) |
|3| Count 4 was dismissed as redundant. (*Id.*) Judgment of conviction was filed on August |
|4| 29, 2014. (Exh. 21.) |
|5| Newell filed a notice of appeal on September 19, 2014. (Exh. 23.) On December |
|6| 24, 2015, in a published opinion, the Nevada Supreme Court affirmed the convictions. |
|7| (Exh. 31.) The state supreme court denied rehearing, and remittitur issued on March 7, |
|8| 2016. (Exh. 38.) |
|9| In the meantime, on August 3, 2015, Newell filed a *pro se* state postconviction |
|10| habeas corpus petition challenging the computation of his good-time credits. (Exh. 28.) |
|11| The Nevada Court of Appeals affirmed the denial of the petition on December 14, 2016, |
|12| and remittitur issued on February 3, 2017. (Exhs. 42, 43.) |
|13| Newell dispatched his federal habeas petition for filing on November 14, 2016. |
|14| (ECF No. 6.) Respondents now argue that the petition is subject to dismissal because |
|15| neither ground is exhausted, and ground 2 fails to state a claim for which federal habeas |
|16| relief may be granted. (ECF No. 18.) |

**II.    EXHAUSTION**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal

constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dep't Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982).

### III. INSTANT PETITION

Newell sets forth two grounds. He argues in ground 1 that the state courts' retroactive application of new limitations on the use of deadly force violated *ex post facto* principles and deprived him of a defense that would otherwise have been available to him when he committed his crime. (ECF No. 6 at 3, 8A-8D.) In ground 2 Newell claims that the state courts' creation of new limitations on the use of deadly force and *ex post facto*

application of these limitations violated his Fourteenth Amendment due process rights. (ECF No. 6 at 5.)

First, this Court notes that the Constitution's *Ex Post Facto* Clause provides that "[n]o State shall ... pass any ... ex post facto Law." Art. I, § 10, cl. 1. "As the text of the Clause makes clear, it 'is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.'" *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977)). The Fourteenth Amendment Due Process and Article I *Ex Post Facto* Clauses protect the common interests of fundamental fairness and the prevention of the arbitrary and vindictive use of laws. However, the limitations on the retroactive application of judicial interpretations of criminal statutes are rooted in due process. *Id.* at 456-457. Accordingly, the Court views Newell's two grounds as actually setting forth a single claim—that the state courts' retroactive application of new limitations on the use of deadly force violated *ex post facto* principles and deprived Newell of a defense that would otherwise have been available to him when he committed his crime in violation of his Fourteenth Amendment due process rights.

Next, Respondents contend that Newell failed to properly raise this federal constitutional claim to the highest Nevada court. (ECF No. 18 at 3.)

Under Nevada law, battery is justified in any circumstance that justifies homicide. NRS § 200.275. NRS § 200.160 proscribes additional cases of justifiable homicide. Homicide is also justifiable when committed:

> 1. In the lawful defense of the slayer, or his or her spouse, parent, child, brother or sister, or of any other person in his or her presence or company, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or to any such person, and there is imminent danger of such design being accomplished; or
>
> 2. In the actual resistance of an attempt to commit a felony upon the slayer, in his or her presence, or upon or in a dwelling, or other place of abode in which the slayer is.

4

NRS § 200.160.

At trial, Newell asserted that his actions were a justifiable battery because he reasonably believed that the victim was committing felony coercion against him at the time of the incident. (ECF No. 6 at 8B.) Newell proposed the following jury instruction:

> Justifiable battery is the battery of a human being when there is reasonable ground to apprehend a design on the part of the person battered to commit a felony and there is [imminent] danger of such a design being accomplished. This is true even if deadly force is used . . . .

(Exh. 31 at 3.) Over Newell's objection, the district court added the following language based on *State v. Weddell*, 43 P.3d 987 (Nev. 2002):

> The amount of force used to effectuate the battery must be reasonable and necessary under the circumstances. Deadly force cannot be used unless the person battered poses a threat of serious bodily injury.

(Exh. 31 at 4.)

On direct appeal, Newell argued that the trial court unreasonably restricted his right to present a justifiable battery defense when it added specific restrictions beyond those found in NRS § 200.160. (ECF No. 24 at 9-18.) The Nevada Supreme Court concluded that the district court did not abuse its discretion in giving the jury instruction. That court reasoned that while a plain reading of NRS § 200.160 and NRS § 200.275 would appear to justify any battery committed in reasonable apprehension of any felony or in resistance of an attempt to commit any felony, "such an interpretation is unreasonable and absurd." (Exh 31 at 6.) The court considered its holding in *Weddell* and the United States Supreme Court decision in *Tennessee v. Garner*, 471 U.S. 1 (1985) and explained:

> [W]e extend our holding in *Weddell* to NRS 200.160 and require that in order for homicide in response to the commission of a felony to be justifiable under that statute, the amount of force used must be reasonable and necessary under the circumstances. Furthermore, deadly force cannot be used unless the person killed poses a threat of serious bodily injury to the slayer or others. By extension, the amount of force used in a battery must also be reasonable and necessary in order to be justified, and deadly force cannot be used unless the person battered poses a threat of serious bodily injury to the slayer or others. Because the district court correctly included these requirements in its justifiable battery jury instruction, we hold that it did not abuse its discretion.

(Exh. 31 at 9.)

In his petition for rehearing, Newell argued that the Nevada Supreme Court's decision on direct appeal retroactively applied newly-created limitations on the use of deadly force to Newell's case in violation of *ex post facto* principles and in violation of federal due process. (Exh. 34.) The Nevada Supreme Court denied the petition in a single-sentence order. (Exh. 35.)

Respondents are wrong that Newell has not exhausted the claim. Here, the claim that forms the basis for Newll's federal petition arose when the Nevada Supreme Court issued its published decision affirming his conviction and extending the *Weddell* holding. At that point, Newell's available state remedy was a petition for rehearing, and he raised his federal constitutional claim in that petition for rehearing. Accordingly, the federal claim is exhausted.

**IV. CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 18) is denied.

It is further ordered that Respondents will have forty-five (45) days from the date of this order to file an answer to the petition. The answer must contain all substantive and procedural arguments, and it must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have thirty (30) days following service of Respondents' answer in which to file a reply.

It is further ordered that Respondents' motion for extension of time to file a reply in support of the motion to dismiss (ECF No. 30) is granted *nunc pro tunc*.

DATED THIS 31st day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE