UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICK NEWELL,<br><br>   Petitioner,<br><br> v.<br><br>ISIDRO BACA, *et al.*,<br><br>   Respondents. | Case No. 3:16-cv-00662-MMD-WGC<br><br>ORDER |

Before the Court is Petitioner Patrick Newell's motion for an evidentiary hearing ("Motion") (ECF No. 56). He filed this as part of his reply (ECF No. 55) in support of his *pro se* 28 U.S.C. § 2254 habeas corpus petition ("Petition") (ECF No. 6).[1] As discussed below, the Motion is denied.

## I. Background & Procedural History

On June 19, 2014, a jury convicted Newell of battery with use of a deadly weapon resulting in substantial bodily harm (Count Two), attempted assault with a deadly weapon (Count Three), and performance of an act in reckless disregard of persons or property resulting in substantial bodily harm (Count Four). (ECF No. 21-3 at 2–3.)[2] The jury found Newell not guilty of attempted murder with a deadly weapon (Count One). (*Id.* at 2.) The convictions stemmed from an incident where a large, drunk, belligerent 35-year-old man was harassing 65-year-old Newell for a ride at a gas station. (*See e.g.*, ECF No. 21-1 at 10–16.) The situation devolved, and Newell doused the victim with gasoline and lit him on

---

[1]The Court has reviewed Respondents' response in opposition to the Motion. (ECF No. 58.)

[2]Exhibits referenced in this order are exhibits to Respondents' motion to dismiss (ECF No. 18) and are found at ECF Nos. 19–23.

1 fire, causing severe injuries. The state district court sentenced Newell to 72–180 months for Count Two and 24–60 months for Count Three, to run concurrently. (ECF No. 22-5 at 20.) Count Four was dismissed as redundant. (*Id*.) Judgment of conviction was filed on August 29, 2014. (ECF No. 22-6.)

In his federal habeas petition, Newell raises one issue—he argues that the Nevada courts' retroactive application of limitations on the justifiable use of deadly force violated his constitutional due process rights against ex post facto violation. (ECF No. 6, ECF No. 32 at 4.) This Court denied Respondents' motion to dismiss. (ECF No. 32.) Respondents answered the petition. (ECF No. 42.) Newell filed his reply/motion for evidentiary hearing (ECF Nos. 55, 56.)

**II.   Legal Standards**

An evidentiary hearing is authorized under Rule 8(a) of the Rules Governing Section 2254 Cases for the development of a colorable claim when the state court has not reliably found the relevant facts and the claim, if proved, would entitle the petitioner to relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). If the record belies the petitioner's factual allegations, or precludes habeas relief, an evidentiary hearing is unnecessary. *Id*. The Ninth Circuit has also found that on issues that can be resolved from the record, an evidentiary hearing is not necessary. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1988).[3]

///

---

[3]To determine whether to grant an evidentiary hearing, the Court may consider six factors: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding process employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; and (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing. *Townsend v. Sain*, 372 U.S. 293 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superseded in part by statute*, 28 U.S.C. § 2254(e)(2); *see Earp v. Ornoski*, 431 F.3d 1158, 1167 (9ht Cir. 2005).

**III.     Analysis**

Respondents point out as an initial matter that Newell's request for an evidentiary hearing as included in his reply is inappropriate. (ECF No. 58 at 3.) A reply is not the proper posture to raise claims for the first time, and the Court may utilize its discretion and decline to consider any such claims. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

In any event, Newell's motion fails. Newell has not demonstrated that a hearing is necessary to determine the merit of his claim that retroactive application of new limitations on the use of deadly force violated ex post facto principles and deprived him of a defense that would otherwise have been available to him when he committed his crime. Newell fails to explain how an evidentiary hearing would further establish any factual basis for his for his claim. He contends that Respondents' answering brief is "in dispute with [his] factual allegations," but he fails to recite a single factual difference between the petition and the answer. (ECF No. 56 at 6.) The difference lies in the interpretation of the law as applied to the facts in Newell's case. No factual dispute exists. The record is sufficient to review the state courts' interpretation of the law and determine if the interpretation was both "contrary to clearly established law" and "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Newell has had a full opportunity to provide all evidence regarding the events which led up to the state courts' alleged ex post facto application of law. Accordingly, the motion for evidentiary hearing (ECF No. 56) is denied.

**IV.     Conclusion**

It is therefore ordered that Petitioner's motion for evidentiary hearing (ECF No. 56) is denied.

It is further ordered that Petitioner's motion to have the matter placed on the calendar (ECF No. 59) and motion to submit case for a decision (ECF No. 60) are both denied. The petition now stands brief and will be adjudicated in the ordinary course.

///

It is further ordered that Respondents' motion to extend time to respond to the motion for evidentiary hearing (ECF No. 57) is granted *nunc pro tunc*.

DATED THIS 16th day of MARCH 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE